IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN KELSEY WATKINS,            )
                                )
            Petitioner,          )
                                )
      v.                         )     1:08CV453
                                )     1:04CR306-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF MAGISTRATE JUDGE ELIASON

Petitioner John Kelsey Watkins, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 33.)[1] Petitioner was indicted for, and later pled guilty to, a single count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Nos. 1, 9, 10.) He was subsequently sentenced to 84 months of imprisonment. (Docket No. 15.) Petitioner pursued a direct appeal, but this was denied on November 8, 2005. (Docket Nos. 25, 26.) On March 7, 2007, Petitioner filed a paper-writing which was later construed as a § 2255 motion. (Docket Nos. 28, 31.) That motion was dismissed without prejudice because of procedural deficiencies. (Docket No. 31.) Petitioner corrected those deficiencies when he filed his current motion. Respondent now seeks to have Petitioner's motion dismissed for being untimely. (Docket No. 36.) Despite being advised of his right to respond to

---

[1] This and all further cites to the record are to the criminal case.

the motion to dismiss, Petitioner has not done so. (Docket No. 37.)

## **DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Here, Petitioner did file a direct appeal, but did not seek certiorari. The appeal was denied on November 8, 2005. His conviction became final 90 days later. Id.; Sup. C. R. 13(1). Adding that 90-day period to Petitioner's year to file under § 2255, he then had until February 7, 2007 to file his § 2255 motion. Petitioner's first attempt at

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

relief was received a month after that on March 7, 2008. It is not dated, but even giving Petitioner three days for mailing, his motion was still nearly a month out of time under subsection one. Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's only claim in his motion is based on facts that existed and were known to him at the time of his guilty plea in October of 2004. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik, 177

F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, 544 U.S. 408.

The Petitioner has given no explanation for his late filing and has not even made an argument for the application of equitable

tolling. Moreover, no basis for excusing the late filing is apparent in the record. Petitioner's claim is simple, straightforward, and based on facts known to him long before his conviction was final.[3] His motion was filed late and is, therefore, time-barred. Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 36) be **GRANTED**, that Petitioner's motion to

---

[3] Petitioner fares no better if his claim is considered on the merits. His only claim is that his guilty plea was invalid because the judge accepting the plea used the term "firearm" instead of "ammunition" when advising him of the elements of his charge. The United States Supreme Court has held that "a defendant cannot overturn a guilty plea on collateral review absent a showing that the Rule 11 proceeding was 'inconsistent with the rudimentary demands of fair procedure' or constituted a 'complete miscarriage of justice.'" United States v. Vonn, 535 U.S. 55, 64 (2002)(quoting United States v. Timmreck, 441 U.S. 780, 783 (1979)). Although the incorrect term may have been used, Petitioner obviously understood his charges. His indictment was based on ammunition and the factual basis entered in his case spoke only of ammunition. (Docket Nos. 1, 9.) Further, Petitioner has not explained how he was harmed by the use of the wrong term or claimed that he would not have pled guilty if the term "ammunition" had been used. Obviously, he would still have pled guilty given that ammunition was the basis for the charges in his case and that he had been caught with bullets on his person and had confessed to possessing them. (Docket No. 9.) In fact, as relief Petitioner seeks only to withdraw his previous plea and plead again to the proper elements. (Docket No. 34 at 2-3.) There would be no purpose in this. Obviously, any error in the original proceedings was "technical" in nature and would not support relief. Timmreck, 441 U.S. at 783-84 Petitioner's claim should alternatively be denied on its merits.

vacate, set aside, or correct sentence (Docket No. 33) be **DISMISSED**
and that Judgment be entered dismissing this action.

                                                */s/ Russell A. Eliason*
                                                **United States Magistrate Judge**

December 2, 2008